IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Tyrone Lamar Roberson, #191327, | ) | C/A NO. 8:06-1247-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden A.J. Padula of Lee Correctional | ) | |
| Institution of the South Carolina | ) | |
| Department of Corrections; and | ) | |
| Henry McMaster, Attorney General of the | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has had two previous § 2254 petitions in this court relating to his 1992 convictions and sentences in Jasper County, South Carolina, for murder, armed robbery, and second degree burglary. *See Roberson v. Warden*, D.S.C. Civil Action No. 8:01-4090-FBH-BHH; *Roberson v. Eagleton*, D.S.C. Civil Action No. 8:03-723-CMC-BHH.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On May 1, 2006, the Magistrate Judge issued a Report recommending that this petition be dismissed without prejudice as a successive petition. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on May 19, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. This matter is successive in nature, and therefore this court is without jurisdiction to entertain it.[1]

---

[1]If this matter were not successive, it would be untimely. As noted by the Magistrate Judge, this matter is controlled by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;

Petitioner's failure to seek permission from the Fourth Circuit to file a second or successive petition prior to the filing of the petition in this court is fatal to the outcome of any action on the current petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive petitions under 28 U.S.C. § 2254. Prior to filing a second or successive petition under § 2254, Petitioner "*shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). This he has not done.

---

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements.

3

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie  
                                                CAMERON MCGOWAN CURRIE  
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
May 30, 2006